# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DEMETRIUS FLOWERS,
ADC # 610318                                                              PLAINTIFF

V.                              3:14CV00280 DPM/JTR

MICHAEL OBAMMA, et al.                                              DEFENDANTS

## ORDER

Plaintiff, Demetrius Flowers, has filed a Complaint (Doc. 1) without paying the statutory filing fee or filing an Application to Proceed Without Prepayment of Fees and Affidavit ("Application"). After review of his litigative history, the Court will not direct that an Application be mailed to Plaintiff.

The Prison Litigation Reform Act ("PLRA") of 1996 enacted what is commonly referred to as the "three strikes" provision, codified at 28 U.S.C. § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). In relevant part it provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Court has determined that Plaintiff is a "three-striker"

within the meaning of the PLRA.[1]

He might still proceed *in forma pauperis,* however, if he is under imminent danger of serious physical injury. The United States Court of Appeals for the Eighth Circuit has explained that this exception applies only if a threat of imminent danger exists at the time of the filing of the complaint. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The imminent danger exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct. *Martin*, 319 F.3d at 1050.

Here, Plaintiff's Complaint (Doc. 1) appears to allege that he reported (or intended to report) the theft of "1983 forms" to the Federal Bureau of Investigation in New York City. *Doc. 1 at 3*. However, because large portions of his Complaint are almost illegible, it is difficult to discern specifics regarding the alleged theft. Thus, the nature of Plaintiff's claims, to the extent they are legible, do not suggest he is in imminent danger of serious physical injury.

IT IS THEREFORE ORDERED THAT Plaintiff must submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within

---

[1] Plaintiff has had three cases dismissed as frivolous or for failure to state a claim. *See Flowers v. Fogleman*, 3:07CV00167-JMM; *Flowers et al. v. Kasomen et al.*, 3:08CV00065-JLH; *Flowers v. Wilson et al.*, 4:08CV00373-BRW.

**thirty (30) days** of the date of this Order if he wishes to pursue this action. Failure to do so will result in the dismissal of this action without prejudice.

Dated this 9th day of December, 2014.

_____
UNITED STATES MAGISTRATE JUDGE